# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JOHNNY HICKS                                                            PLAINTIFF

VS.                                                   CIVIL ACTION NO. 4:07-cv-147-LRA

LAUDERDALE COUNTY JAIL, et al                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

      Johnny Hicks [hereinafter "Plaintiff"], *pro se,* and Lee Thaggard, Bourdeaux & Jones, LLP, Meridian, Mississippi, attorney for Sheriff Billie Sollie, Rose Mary Garrett, Ruthie Martin, and the Lauderdale County Board of Supervisors [hereinafter "Defendants"], appeared before the undersigned United States Magistrate Judge on the 22th day of October, 2008, for an omnibus hearing. Major Kim Reese is no longer employed by Lauderdale County and has not been served with process. No claim was made against Ray Boswell, a member of the Lauderdale County Board of Supervisors, and no process was issued for him although he was a named defendant. This hearing was scheduled to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not Plaintiff's claims were supported by a factual or legal basis pursuant to 28 U.S.C. § 1915A, as amended. Jurisdiction of this case is based upon 42 U.S.C. §1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the consent of the parties by Order [docket entry number 30] entered by District Judge Tom S. Lee on October 27, 2008.

1

The Court, having carefully reviewed the complaint, the sworn testimony of Plaintiff, and the applicable law, finds that the claims of Plaintiff are insufficient in law to state a cause of action under §1983. Accordingly, Plaintiff's complaint will be dismissed as legally frivolous for the reasons set forth below.

Plaintiff was incarcerated as a convicted felon in the custody of these Defendants at the Lauderdale County Jail in June, 2007. According to his complaint and sworn testimony at the omnibus hearing, Hicks weighs in excess of three hundred pounds and suffers from hypertension and diabetes. On one day in August, 2007, at 6:00 A.M., Plaintiff was given medication by Officer Ruthie Martin, one of the jail officials on duty. Right after she gave him the medicine, Officer Martin told him that she had given him the wrong medicine accidently. He was supposed to get medication for his diabetes and high blood pressure; he does not know what he consumed. Plaintiff went back to his cell and to his top bunk. The next thing he remembered was falling on the floor from the top bunk of the bed in which he slept. The other inmates began calling for help. Jail officials came and then called an ambulance. While waiting, Defendant Garrett made him get up off the floor so they could get him into a wheelchair. An ambulance arrived and transported Plaintiff to the hospital.

As a result of the fall, Plaintiff asserts that he suffered painful injuries to his head, back, neck, and arms. Upon his arrival at the hospital, he was examined and x-rays were taken. Plaintiff testified that the physician found no bones to be broken; he was only bruised. He was given Ibuprophen for the pain and released.

Plaintiff charges that Defendant Sheriff Sollie had no participation in these events, but that he was "part of the jail." Defendant Ray Boswell, on the Board of Supervisors,

knew nothing of what happened but participates in the hiring and firing of jail officials. Major Kim Reece authorized Defendant Garrett to make him get up off the floor after he fell. Defendant Garrett is the official who forced him to get up and into the wheelchair. Defendant Ruthie Martin was the officer who gave him the wrong medication. Plaintiff contends that these Defendants violated his constitutional rights through the negligent administering of medication which ultimately lead to his fall and injuries. He charges that "untrained" officers often administer medication to patients at the facility. He also complains that he should not have been assigned a top bunk due to his medical limitations. Plaintiff concludes that Defendants' "negligent commissions and omissions" were a clear violation of his Eighth Amendment rights and are tantamount to cruel and unusual punishment.

Plaintiff does not suggest that Defendant Ruthie Martin gave him an incorrect medication on purpose, or that any of these Defendants wanted to harm him. He is not certain what drug she gave him; he knows the drug was wrong because she told him that after she realized the error. Plaintiff does not complain about the medical treatment he did receive: he was immediately taken to the emergency room of the hospital and treated. According to Plaintiff's sworn testimony, the incident was an *accident*, and nurse Martin and the remaining Defendants were *negligent* in their treatment of him.

42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 414 U.S. 344 (1986). Although Plaintiff alleges that the defendant acted with "deliberate indifference," the circumstances of this case [as taken from Plaintiff's own testimony] do not rise to the level of a constitutional violation. Plaintiff

3

calls the incidence "negligence," and asserts no facts which would show deliberate indifference on the part of any Defendant. In hindsight, the medications should have been more carefully checked prior to administering to the inmates. Due to his weight and health problems, Plaintiff could have been assigned a bottom bunk. Further, it may have been unwise to have him stand prior to the medics' arrival. However, Plaintiff was treated immediately at a hospital and was found to have no serious injuries. All of these errors Plaintiff points to only establish *negligence*; they do not rise to the level of a constitutional violation.

The Court finds that the actions of Defendants in this case amount to no more than mere negligence and no constitutional violation can be established. Although Plaintiff asserts that his "due process and equal protection right[s]" were violated; the Court rejects this contention, taking everything Plaintiff asserts as the truth. Since Plaintiff has failed to present an arguable constitutional claim against any Defendant named by him, either those served with process or not, his claims are frivolous[1] and fail to state a claim on which relief may be granted.

THEREFORE, it is hereby ordered that this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915A. A Final Judgment in favor of all Defendants shall be entered on this date.

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995)

4

IT IS SO ORDERED, this the 29th day of July, 2009.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE